UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

RICHARD ANDREW FOX, )
)
        Plaintiff )
)
v. )   No. 2:13-cv-398-DBH
)
CAROLYN W. COLVIN, )
Acting Commissioner of Social Security, )
)
        Defendant )

## REPORT AND RECOMMENDED DECISION[1]

This Social Security Disability ("SSD") and Supplemental Security Income ("SSI") appeal raises the question of whether the administrative law judge supportably found the plaintiff capable of performing work existing in significant numbers in the national economy. The plaintiff asserts that the administrative law judge impermissibly determined his residual functional capacity ("RFC") based upon an interpretation of raw medical evidence, improperly rejected portions of the opinion of treating source Adam M. Kazimierczak, D.O., found a severe impairment of insomnia with no related limitations, and made an unsupported credibility determination. *See* Itemized Statement of Errors Pursuant to Local Rule 16.3 Submitted by Plaintiff ("Statement of Errors") (ECF No. 11) at 2-9. I agree that, in assessing restrictions on the use of the plaintiff's

---

[1] This action is properly brought under 42 U.S.C. §§ 405(g) and 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted his administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the commissioner to file a written opposition to the itemized statement. Oral argument was held before me on September 12, 2014, pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

right hand, the administrative law judge improperly interpreted raw medical evidence and failed to supply good reason for rejecting the opinion of Dr. Kazimierczak. The error were not harmless. Accordingly, I recommend that the decision of the commissioner be vacated and the case remanded for further development.[2]

Pursuant to the commissioner's sequential evaluation process, 20 C.F.R. §§ 404.1520, 416.920; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff meets the insured status requirements of the Social Security Act through December 31, 2014, Finding 1, Record at 13; that he had severe impairments of thoracic and cervical degenerative disc disease, Dupuytren's contracture (right hand), and insomnia, Finding 3, *id.*; that he retained the RFC to perform a reduced range of light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b); specifically, that he could lift and carry 20 pounds occasionally and 10 pounds frequently, could sit for four hours in an eight-hour workday and stand and walk for four hours over the course of an average eight-hour day with the opportunity to change positions between sitting and standing as needed or at will, could never climb ladders, ropes, or scaffolds, could occasionally climb ramps and stairs, could occasionally balance, stoop, kneel, crouch, and crawl, would need to avoid overhead work bilaterally, could only frequently reach bilaterally and could frequently handle bilaterally, could perform fingering and feeling occasionally with the dominant right hand but could do so frequently with the left hand, would need to avoid work at unprotected heights and hazards in the workplace, and could understand, remember, and carry out simple, repetitive instructions and persist at that level of complexity for eight hours a day, five days a week on a consistent basis, Finding 5, *id.* at 15; that, considering his age (41 years old, defined as a younger individual, on his alleged disability

---

[2] I do not reach the plaintiff's alternate bases for remand.

onset date, August 2, 2010), education (at least high school), work experience (transferability of skills immaterial), and RFC, there were jobs existing in significant numbers in the national economy that he could perform, Findings 7-10, *id*. at 19; and that he, therefore, was not disabled from August 2, 2010, through the date of the decision, June 12, 2012, Finding 11, *id*. at 20. The Appeals Council declined to review the decision, *id*. at 1-3, making the decision the final determination of the commissioner, 20 C.F.R. §§ 404.981, 416.1481; *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than his past relevant work. 20 C.F.R. §§ 404.1520(g), 416.920(g); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain substantial evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

## I. Discussion

Although an administrative law judge is not precluded from "rendering commonsense judgments about functional capacity based on medical findings," he or she "is not qualified to

assess residual functional capacity based on a bare medical record." *Gordils v. Secretary of Health & Human Servs.*, 921 F.2d 327, 329 (1st Cir. 1990).

The plaintiff complains that the administrative law judge assessed certain limitations that are unsupported by any expert opinion of record, in particular, that he could handle and reach frequently bilaterally. *See* Statement of Errors at 2-3. He points out that he testified that he could not handle or reach frequently on the right, and Dr. Kazimierczak found that he could only occasionally handle and reach. *See id.* at 3; *see also* Record at 49, 325. He correctly notes that the vocational expert present at his hearing testified that a limitation to occasional reaching and handling, in conjunction with the other limitations posited by the administrative law judge, would eliminate all work. *See* Statement of Errors at 3-4; Record at 59.

As the plaintiff's counsel pointed out at oral argument, the commissioner mischaracterized the argument made in the statement of errors, incorrectly stating that the plaintiff contended that the administrative law judge erred in finding that he could frequently *finger* and handle with his *left* hand. *See* Defendant's Opposition to Plaintiff's Statement of Errors ("Opposition") (ECF No. 12) at 5-6. She argued that no medical evidence contradicted the finding that the plaintiff could work frequently with his left hand and that the administrative law judge properly rejected that portion of Dr. Kazimierczak's opinion assessing greater restrictions on the use of his left upper extremity. *See id.* at 6-9.

At oral argument, counsel for the commissioner acknowledged the error but contended that the administrative law judge also supportably deemed the plaintiff capable of frequent handling and reaching with his right hand on the basis of lack of objective medical evidence of greater restriction. His argument is unpersuasive.

The record contains two expert assessments of the plaintiff's physical RFC in addition to that of Dr. Kazimierczak: that of agency nonexamining consultant Lawrence P. Johnson, M.D., dated November 22, 2010, and that of agency nonexamining consultant J.H. Hall, M.D., dated February 24, 2011. *See* Record at 269-76, 288-95. Neither Dr. Johnson nor Dr. Hall assessed any manipulative limitations, which include limitations on a claimant's ability to reach, handle, finger, or feel. *See id*. at 272, 291. The administrative law judge deemed the Johnson and Hall RFC opinions "not inconsistent with the medical evidence as a whole" and accorded them "some (but not controlling) evidentiary weight" in determining the plaintiff's RFC, but she acknowledged that "[e]vidence received since these reports were furnished does warrant finding greater exertional and non-exertional limitations." *Id*. at 18. This was an apparent reference to Dr. Kazimierczak's diagnosis in February 2012 of Dupuytren's contracture of the right hand, based not only on the plaintiff's report that his right-hand fifth finger had stayed bent for the prior two weeks but also on an "abnormal exam of right 5th finger[.]" *Id*. at 300-01.

At oral argument, counsel for the commissioner contended that the administrative law judge adequately accounted for this condition by finding that the plaintiff could only occasionally finger and feel with his dominant right hand, although he could do so frequently with his left hand.

Nonetheless, the administrative law judge interpreted raw medical evidence in finding that the plaintiff remained capable of frequently reaching and handling with his right hand. Dr. Kazimierczak, the only expert who had the benefit of the Dupuytren's diagnosis, stated that the plaintiff could only occasionally do so. *See id*. at 325. As the plaintiff's counsel suggested at oral argument, while a layperson might be able to make a commonsense judgment that the plaintiff's Dupuytren's condition did not affect, or only minimally affected, his ability to *reach* with his right hand, a layperson could not make such a judgment with respect to his ability to *handle*.

5

The rationale given by the administrative law judge for rejecting portions of the Kazimierczak opinion does not salvage her findings with respect to the plaintiff's ability to use his right hand. She explained, in relevant part, that, despite evidence of curling of the little finger of the plaintiff's right hand, there was no evidence that he was unable to use that hand, that "some of the non-exertional limitations cited by [Dr. Kazimierczak] seem arbitrary and based solely upon the [plaintiff's] reports, with little supporting objective data[,]" and that "[a]ll of his examinations have been within normal limits[.]" *Id*. at 18.

Yet, Dr. Kazimierczak clearly diagnosed Dupuytren's contracture based on abnormal examination, which constituted supporting objective data. He did not indicate that the plaintiff had no use of his right hand but, rather, that he was limited to reaching, handling, fingering, grasping, and pushing/pulling only occasionally with that hand. *See id*. at 325. In contravention of the so-called "treating source rule," the administrative law judge offered no good reason for her decision to adopt some, but not all, of the assessed right-hand limitations. *See*, *e.g.,* 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2) ("[The commissioner] will always give good reasons in [her] notice of determination or decision for the weight [she] give[s] [a claimant's] treating source's opinion.").

The error was not harmless. The vocational expert present at the plaintiff's hearing testified that the addition of a limitation to only occasional bilateral reaching and handling eliminated work because the available jobs "all require[d] the bilateral use of reaching and handling." Record at 59.

## II. Conclusion

For the foregoing reasons, I recommend that the decision of the commissioner be **VACATED** and the case **REMANDED** for further proceedings consistent herewith.

## *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within fourteen (14) days after being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 8th day of October, 2014.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge